IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOAN TAPIA,
on behalf of herself and others similarly
situated,

    Plaintiff,

vs.                                                                                      **COLLECTIVE ACTION**

COASTAL DETOX, INC., a Florida Profit
Corporation,

    Defendant.
_____/

## COMPLAINT

### INTRODUCTION

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter "FLSA"), to recover unpaid overtime and straight time compensation owed to Plaintiff JOAN TAPIA, and all others similarly situated to her who were formerly or are currently employed as licensed practical nurses by Defendant, COASTAL DETOX, INC., (hereinafter, "COASTAL DETOX").

2. Pursuant to the FLSA, Plaintiff, on behalf of herself and all others similarly situated to her, seeks unpaid overtime compensation, unpaid straight time, liquidated damages or pre-judgment interest, post-judgment interest, attorneys' fees and costs from Defendant COASTAL DETOX.

3. Plaintiff also requests the Court to authorize concurrent notice to all persons who were formerly or are currently employed by Defendant COASTAL DETOX, and who were paid in a similar manner as Plaintiff, or who were so employed during the Liability Period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA,

29 U.S.C. §216(b).

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

5. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in Marin County, Florida and within the Southern District of Florida.

## PARTIES

6. Plaintiff JOAN TAPIA (hereinafter "Plaintiff" or "TAPIA") was, at all material times, a resident of Martin County, Florida and was employed as an licensed practical nurse for Defendant COASTAL DETOX's drug and alcohol rehabilitation center located in Martin County, Florida, until her separation from employment on or about October 10, 2021.

7. At all times material, during Plaintiff's employment with Defendant COASTAL DETOX, Plaintiff was engaged in commerce or in the production of goods for commerce.

8. At all times material, Defendant COASTAL DETOX was an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) with annual gross sales in excess of $500,000 within the meaning of the FLSA. Defendant, COASTAL DETOX is a Florida Profit Corporation doing business in Martin County, Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail

level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the facility where TAPIA was employed. At all times pertinent to this Complaint, COASTAL DETOX operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States and also provides its services using goods sold and transported from across state lines of other states, and COASTAL DETOX obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

## **FACTUAL ALLEGATIONS**

9. The allegations in Paragraphs 1 through 8 are incorporated as if fully stated herein.

10. Plaintiff is a non-exempt former employee of Defendant COASTAL DETOX who worked as a licensed practical nurse at Defendant's drug and alcohol rehabilitation facility located in Miami-Dade County, Florida.

11. From on or about 2018 until October 10, 2021, Plaintiff worked more than 40 hours per week during nearly every week of her employment, without being paid the federally mandated wage for overtime for all hours worked.

12. Defendant violated the FLSA and Florida law by failing to pay Plaintiff for overtime hours worked in excess of forty per week at the applicable time and one-half rate, and straight time hours that were worked but automatically deducted from her compensable hours for a meal break that she did not actually take. Specifically:

- Plaintiff was paid for some overtime hours at a straight time rate;
- Plaintiff was not paid at all for some hours that were automatically deducted for meal breaks, some of which are overtime hours and some hours that are straight

time; and,

- Plaintiff was not paid overtime compensation for workweeks where she was paid a straight salary for all hours worked.

13. Defendant pays all of its licensed practical nurses in the same fashion. There are many other current and former employees who were paid in the same manner as the Plaintiff, and are thus owed unpaid overtime and straight time as well.

## LEGAL CLAIMS

### COUNT I (as to Plaintiff and those similarly situated)
### Failure to Pay Overtime Wages in Violation of 29 U.S.C. § 207 by COASTAL DETOX

14. The allegations in Paragraphs 1 through 13 are realleged and fully incorporated by reference herein.

15. By its actions alleged above, Defendant COASTAL DETOX willfully, knowingly and/or recklessly violated the provisions of FLSA, which requires overtime wages to be paid to non-exempt employees, including those set forth in the provisions of 29 U.S.C. § 207.

16. As a result of the unlawful acts of Defendant COASTAL DETOX, Plaintiff and all persons similarly situated to her have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages or prejudgment interest, post-judgment interest, attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action pray for this Court to enter an order certifying a collective action pursuant to section 216(b) for violations of the FLSA, and pray for this Court to grant the following relief:

A. To authorize the issuance of notice at the earliest possible time to all current and former employees who were employed by Defendant COASTAL DETOX as licensed practical

nurses at the facility where Plaintiff was employed. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid overtime wages as required by the FLSA;

B. To declare that Defendant COASTAL DETOX has violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to Plaintiff and persons similarly situated;

C. To declare that Defendant COASTAL DETOX's violations of the FLSA were willful;

D. To award Plaintiff and other similarly situated current and former employees of Defendant COASTAL DETOX adequate damages for the amount of unpaid overtime wage compensation they are owed, subject to proof at trial;

E. To award Plaintiff and other similarly situated current and former employees of Defendant COASTAL DETOX liquidated damages in an amount equal to the unpaid overtime compensation shown to be owed pursuant to 29 U.S.C. §216(b);

F. If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

G. To make the same declarations and awards as prayed for in paragraphs A-F above as to all persons who opt into this action pursuant to 29 U.S.C. §216(b); and

H. To award Plaintiff and other similarly situated current and former employees of Defendant COASTAL DETOX their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

### COUNT II (as to Plaintiff and those similarly situated)
### Failure to Pay Straight Time Wages in Violation of Chapter 448 Florida Statutes

17. The allegations in Paragraphs 1 through 13 are realleged and fully incorporated by reference herein.

18. By its actions alleged above, Defendant COASTAL DETOX willfully, knowingly and/or recklessly violated the provisions of Florida law, which requires wages to be paid for all hours worked;

19. As a result of the unlawful acts of Defendant COASTAL DETOX, Plaintiff and all persons similarly situated to her have been deprived of straight time wages in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to prejudgment interest, post-judgment interest, attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and all employees similarly situated who join in this action pray for this Court to enter an order granting the following relief:

A. To declare that Defendant COASTAL DETOX has violated Florida common law as to Plaintiff and persons similarly situated;

B. To declare that Defendant COASTAL DETOX's violations were willful;

C. To award Plaintiff and other similarly situated current and former employees of Defendant COASTAL DETOX adequate damages for the amount of unpaid straight time wage compensation they are owed, subject to proof at trial;

D. To award Plaintiff and other similarly situated current and former employees of Defendant COASTAL DETOX prejudgment and post-judgment interest;

E. To make the same declarations and awards as prayed for in paragraphs A-D above as to all persons who opt into this action pursuant to 29 U.S.C. §216(b); and

F. To award Plaintiff and other similarly situated current and former employees of Defendant COASTAL DETOX their reasonable attorneys' fees and costs pursuant to Chapter 448 Florida Statutes.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## CONSENT TO JOIN
## PURSUANT TO 29 U.S.C. §216(b)

I, JOAN TAPIA, hereby consent and agree and opt-in to become a Plaintiff in this lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

*/s/ JOAN TAPIA*
JOAN TAPIA

Dated: November 3, 2021
Plantation, Florida

    Respectfully submitted,

    */s/ Robert S. Norell*
    Robert S. Norell, Esq. (Fla. Bar No. 996777)
    E-Mail: rob@floridawagelaw.com
    **ROBERT S. NORELL, P.A.**
    300 N.W. 70th Avenue
    Suite 305
    Plantation, Florida 33317
    Telephone: (954) 617-6017
    Facsimile: (954) 617-6018
    *Counsel for Plaintiff JOAN TAPIA*