UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14434-CIV-CANNON/MAYNARD

JOAN TAPIA,

 Plaintiff,

v.

COASTAL DETOX, INC.,

 Defendant.

_____/

**ORDER SETTING SETTLEMENT CONFERENCE**

 **THIS CAUSE** is before me upon on an Order referring this matter to me for the purpose of conducting a Settlement Conference. A Settlement Conference is an opportunity for the parties to meet with a Magistrate Judge for the purpose of trying to settle the issues in the case. The parties are encouraged to keep an open mind throughout the process, be willing to re-assess previous positions, and be receptive to exploring creative means for resolving the case.

 The parties should go ahead and consider settlement now, in advance of the Settlement Conference scheduled here. The parties may find it easier and more cost-effective to resolve this case on their own rather than at the Settlement Conference. Even if the parties are unable to resolve this case on their own, early consideration of settlement will give the parties a better understanding of the factual and legal nature of their dispute. This will streamline the issues and make the Settlement Conference process more efficient. In scheduling the Settlement Conference, I instruct the parties as follows:

A.  **PREPARATORY MEMORANDA**

The Plaintiff and the Defendant each shall submit a Memorandum setting forth their respective positions for the purpose of preparing me for the Settlement Conference. In their respective Memoranda the parties also shall discuss offers/counter-offers exchanged during the pre-Settlement Conference negotiation and conferral process discussed above and the extent to which issues have been narrowed. The parties shall submit their Memoranda directly to Chambers by email (maynard@flsd.uscourts.gov).  <u>Given its confidential content, each party shall indicate on its respective Memorandum that the Clerk of Court is NOT to file it in the case docket but rather should forward it directly to Chambers.</u> All Memoranda are due in Chambers by the deadline set forth below.

B.  **FORMAT**

1.  **ATTENDANCE OF PARTIES REQUIRED**.  The parties, themselves, are <u>required</u> to attend the Settlement Conference <u>in person via the Zoom videoconferencing platform</u>.  The only exception is that a party may appear through someone else if that representative has full authority to negotiate for and to enter into a binding settlement agreement on that party's behalf.  An insured party shall send a representative of the insurer who is authorized to negotiate and to settle this case. Having a client with authority available by telephone is not an acceptable alternative.  It is impossible for a party who is not present to appreciate the progress of negotiations and factors which may change one's perspective towards settlement.

2.  **MEDIATION FORMAT.**  I will generally use a mediation format: that is, a joint session followed by private caucusing with each side.  I expect both the lawyers and the parties to be fully prepared, willing to participate, and committed to negotiating in good faith.

2

  **3.**  **STATEMENTS INADMISSIBLE.**  I expect the parties to address each other with courtesy and respect. Parties are encouraged to be frank and open in their discussions. As a result, statements made by any party during the Settlement Conference are not to be used in discovery and will not be admissible at trial.

 **B.**  **ISSUES TO BE DISCUSSED**

Parties should be prepared to discuss the following at the Settlement Conference:

1. What are your goals in the litigation and what problems would you like to address in the Settlement Conference?  What do you understand are the opposing side's goals?

2. What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of your case?

3. Do you understand the opposing side's view of the case?  What is wrong with their perception?  What is right with their perception?

4. What are the points of agreement and disagreement between the parties? Factual?  Legal?

5. What are the impediments to settlement?  Financial?  Emotional?  Legal?

6. Does settlement or further litigation better enable you to accomplish your goals?

7. Are there possibilities for a creative resolution of the dispute?

8. Do you have adequate information to discuss settlement?  If not, how will you obtain sufficient information to make a meaningful settlement discussion possible?

9. Are there outstanding lien holders or third parties who should be invited to participate in the Settlement Conference?

 **C.**  **PREPARE FOR SUCCESS**

The parties shall comply with this Order carefully and strictly so that they are well-prepared to make the most productive and cost-effective use of the time. This includes previewing the

attached Settlement Checklist/Term Sheet now in advance of the Settlement Conference so that they are prepared to fill it out at the conclusion of the Settlement Conference.

Based upon the foregoing, it is hereby,

**ORDERED AND ADJUDGED** that the Settlement Conference **before U. S. Magistrate Judge Maynard** in the Fort Pierce Division is set for **THURSDAY, MARCH 3, 2022, at 10:30 A.M.**[1]  It will be conducted via the Zoom videoconferencing platform, and the instructions for joining will be sent separately by email.  Counsel and all parties and party representatives are required to appear in person via Zoom.   It is further,

**ORDERED AND ADJUDGED** that each counsel and each party or party representative shall participate in the Zoom meeting in a manner that permits both audio and video interaction.   It is further,

**ORDERED AND ADJUDGED** that the parties shall submit their confidential Memoranda to Chambers via email (to maynard@flsd.uscourts.gov) by **MONDAY, FEBRUARY 28, 2022.**

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 13th day of January, 2022.

_____
SHANIEK M. MAYNARD
U.S. MAGISTRATE JUDGE

---

[1] This is the first available date on which the parties and I are available for the Settlement Conference.

**SETTLEMENT CHECKLIST/TERM SHEET**

CASE NAME:_____ vs._____

CASE NO._____ DATE:_____

A.     PAYMENT OF MONEY

    1.     To:_____ From:_____

    2.     Total amount to be paid: $_____

    3.     When:_____

    4.     Payment terms (e.g., to whom checks will be written, number of payments, payment schedule, etc.):

        _____

        _____

    5.     Does payment include attorney's fees?      Yes or No

    6.     Any third party liens to be paid from proceeds?      Yes or No

    7.     Tax Treatment (e.g., W-2, 1099):_____

B.     SELECT A RELEASE OPTION

☐ Release (relinquishment of a right)      OR      ☐ Covenant Not to Sue (agreement not to sue)

| | |
|---|---|
| Choose one of the following:<br>a. One Way From Plaintiff(s) to Defendant(s) or<br>b. Mutual<br><br>Scope of Release:<br>a. General Release<br>   1. All claims raised in the litigation, or<br>   2. All existing claims, whether or not raised in the litigation.<br>OR<br>b. Limited Release:<br>_____ | Scope of Covenant Not To Sue:<br>_____<br>_____<br><br>Exceptions to Covenant Not To Sue:<br>_____<br>_____<br><br>Other Covenant Not To Sue Terms:<br>_____<br>_____<br>_____ |

C.  CONFIDENTIALITY

    1. Settlement Agreement to be confidential:  Yes   or   No

    2. Mutual:   Yes   or   No

    3. What can be said about litigation?

        a.   Dispute amicably resolved, or
        b.   Other:_____

    4. Exceptions to confidentiality?

        a.   Attorneys
        b.   Tax advisors
        c.   Immediate family
        d.   As otherwise required by law
        e.   Other:_____

    5. Liquidated damages in event of breach of confidentiality agreement:   Yes   or   No

        a.   Amount (Not too large to avoid being a penalty, e.g., no more than 5-10% of total settlement): $_____

D.  OTHER SETTLEMENT TERMS

    1. No admission of liability.

    2. _____

    _____

    _____

    _____

E.  EMPLOYMENT CASES ONLY

    1. Ability to reapply:   Yes   or   No

    2. Type of reference:_____

    _____

F.  EFFECTIVE DATE

   1. A binding agreement today; or

   2. No binding agreement until the typed Settlement Agreement is signed. (Only select in instances where parties need to negotiate additional terms or obtain further approval.)

G.  CONFIRMING AND DOCUMENTING SETTLEMENT

   1. Do parties wish to place settlement terms on the record?           Yes   or   No

   2. Settlement terms to be incorporated in a typed written agreement?           Yes   or           No

       a. Typed agreement to be prepared by_____

          and sent to other parties on or before_____

       b. Other parties to respond with changes, if any, by_____

   3. Typed Settlement Agreement to be executed on or before ____

   4. Will Settlement Agreement be filed in court?           Yes   or   No

   5. Other terms regarding documenting settlement:_____

H.  DISMISSAL OF LITIGATION AND ENFORCEMENT OF AGREEMENT (Circle one):

   1. Immediate dismissal without prejudice that automatically converts to a dismissal with prejudice unless on or before_____ a party files a motion to reinstate, a motion to enforce the parties' Settlement Agreement, or a motion for additional time to file a motion to reinstate or a motion to enforce the Settlement Agreement. (Court cannot enforce agreement after dismissal with prejudice is entered.)

   2. Dismissal with prejudice to be entered on_____. (Court cannot enforce agreement after that date. Choose date that allows sufficient time to execute written agreement and fulfill obligations or set a status date for presentation of an agreed order of dismissal.)

   3. Dismissal with prejudice and parties agree in the dismissal order that the Court shall retain jurisdiction for the purpose of enforcing the terms of the Settlement Agreement through_____.

  See <u>Kokkonen v. Guardian Life Insurance Company of America</u>, 511 U.S. 375 (1994) and <u>Anago Franchising, Inc. v. Shaz, LLC</u>, 677 F.3d 1272 (11th Cir. 2012).

I. DO PARTIES CONSENT TO MAGISTRATE JURISDICTION? Yes or No

J. DO PARTY REPRESENTATIVES HAVE FULL AUTHORITY TO ENTER INTO SETTLEMENT AGREEMENT? Yes or No

  Print name, title, and identity of party:

_____

_____

_____

_____

  Signatures of all party representatives:

_____  _____

_____  _____

_____  _____

_____  _____

K. NEXT COURT DATE TO REPORT ON SETTLEMENT (if needed):

_____