UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14434-CIV-MAYNARD

JOAN TAPIA,

    Plaintiff,

v.

COASTAL DETOX, INC.,

    Defendant.

_____/

## ORDER APPROVING SETTLEMENT AGREEMENT AND DISMISSING CASE WITH PREJUDICE

THIS CAUSE is before me upon a Joint Motion for Approval of Parties' Settlement Agreement and Dismissal With Prejudice [DE 35]. I have carefully reviewed the terms of the parties' final written FLSA Settlement Agreement and Release ("Settlement Agreement") and am otherwise fully advised.

Plaintiff filed the instant action against Defendant alleging violations of the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and Florida law [DE 11]. Defendant filed an Answer generally denying Plaintiffs' allegations and raising affirmative defenses [DE 12].

After engaging in the Court-ordered exchange of preliminary information in cases involving FLSA claims, the parties attended a settlement conference before me on March 10, 2022, after which they consented to my jurisdiction and fully resolved the claims raised in this case [DE 28; DE 33]. The parties thereafter memorialized the terms of their settlement in the Settlement

1

Agreement, which has been fully executed by the parties and is attached to the parties' Joint Motion [DE 8 at 8-12].

When a private action brought under the FLSA is settled, a court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982). A reviewing court must find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. While FLSA provisions are mandatory, the Eleventh Circuit recognizes that there may be bona fide disputes as to FLSA coverage and thus, the Court may approve a settlement to "promote the policy of encouraging settlement of litigation." *Id.* at 1354. Where, as here, a settlement agreement is entered into in an adversarial context with both sides represented by counsel throughout the litigation, the settlement agreement is "more likely to reflect a reasonable compromise" over disputed issues. *Id.*

Following an independent review of the record and after a full review of the represented parties' fully-executed Settlement Agreement, I find that the parties' settlement represents a fair and reasonable resolution of the parties' bona fide disputes in this contested matter. The settlement is the negotiated result of an adversarial proceeding and a settlement conference which is indicative of the agreement's fairness. Among other things, the agreement includes but is not limited to a detailed breakdown of the settlement payments to be made to Plaintiff and her counsel, a non-disparagement provision, and a non-admission of liability provision. In all, the agreement represents a reasonable and fair compromise that avoids the costs and uncertainty of further litigation.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Joint Motion for Approval of Settlement and Dismissal with Prejudice [DE 35] is **GRANTED**. The parties'

Settlement Agreement is **APPROVED**. Any pending motions are **DENIED AS MOOT.** As jointly requested by the parties, I will retain jurisdiction over this matter for a period of 30 days to enforce the Settlement Agreement's terms, if necessary. This case is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall **CLOSE THIS CASE**.

      **DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 2nd day of May, 2022.

*[signature]*
SHANIEK M. MAYNARD
U.S. MAGISTRATE JUDGE